IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                  :
                                    :       Case No. 1608011703
    v.                              :       Kent County
                                    :
DARREN Z. HALL,                     :
                                    :
        Defendant.                  :


Submitted: April 13, 2017
Decided: April 21, 2017

## ORDER

Upon Defendant's Motion to Suppress.
*Granted in Part; Denied in Part.*


Gregory R. Babowal, Esquire, Department of Justice, Dover, Delaware; attorney for the State.

J'Aime L. Walker, Esquire, Office of the Public Defender, Dover, Delaware; attorney for the Defendant.


WITHAM, R.J.

Before the Court is a Motion to Suppress filed by Defendant Darren Z. Hall and the State's Response in opposition. In his motion, Mr. Hall seeks to suppress evidence obtained from a search of his person after a traffic stop. Police stopped the vehicle in which Mr. Hall was a passenger because the driver, James White, was the subject of a search warrant. Officers found seventeen packages of suspected PCP in Mr. Hall's wallet, which was on his person. After Mr. Hall was searched, he was taken into custody and later strip-searched at the police station.

Mr. Hall argues that the traffic stop of the car in which he was a passenger was pretextual and that the police lacked a reasonable and articulable suspicion to pull the car over, and that there were no grounds for the subsequent search of his person, his arrest, or the strip search. The motion is **granted** as to the PCP only.

When a search or seizure is conducted in the absence of a search warrant, the State has the burden of proving that the search or seizure complied with Delaware statute and the federal and State constitutions.[1]

As a passenger in the vehicle, Mr. Hall has no standing to challenge the stop of the vehicle itself, only the seizure of his person.[2] Even if he had standing to challenge the stop, and even if the stop was pretextual, as Mr. Hall argues, the stop was supported by the officers' observation of the driver and a valid search warrant for the driver's person. To the extent *State v. Heath*[3] would appear to mandate a

---

[1] *State v. Kang*, 2001 WL 1729126, at *3 (Del. Super. Nov. 30, 2001).

[2] *State v. Howard*, No. 1503012316, 2015 WL 7259584, at *2 (Del. Super. Nov. 16, 2015) (citing *Jarvis v. State*, 600 A.2d 38, n.1 (Del. 1991)).

[3] 929 A.2d 390 (Del. Super. Ct. 2006).

2

subjective inquiry into the officers' intent when pretext is alleged, the Court declines to follow it.[4]

As to the search of his person, the parties' submissions and the hearing testimony do not explain why Mr. Hall was searched and his wallet opened. The State has argued, without presenting any evidence on the topic, that the search of Mr. Hall's person was a protective search. The detective testified that police were searching for contraband or a weapon, but he offered no basis for their belief that Mr. Hall had either. And even if there were grounds to conduct a protective search, the detective's testimony failed to explain how a wallet's "plain feel" would indicate to an officer that it contained contraband or a weapon.[5] Indeed, the detective that testified was not even present for the search.

The Court has been unable to discover another ground for the search of Mr. Hall's person. The State has not argued that the search was incident to arrest, likely because the detective did not testify to any probable cause for arrest before the challenged search revealed PCP. It is the State's burden to show that the search was proper, and it has not met its burden. The evidence obtained from the search of Mr. Hall's person during the traffic stop is suppressed.

Mr. Hall argued at the hearing, apparently for the first time, that the search of

---

[4] The Delaware Supreme Court also questioned the viability of *Heath* in *Turner v. State*, 25 A.3d 774, 777 (Del. 2011), and noted at the time that *Heath* had not been followed in any later decisions, *id.* It appears to have been followed subsequently by the Superior Court only once, and that was by its author. *See State v. McNeil*, No. 1202010211, 2012 WL 3834902 (Del. Super. Ct. Aug. 21, 2012).

[5] *Minnesota v. Dickerson*, 508 U.S. 366, 375–76 (1993).

Mr. White's residence was improper. It is unclear on what ground he bases that assertion. Regardless of the basis, the evidence adduced at the hearing did not demonstrate that Mr. Hall had a reasonable expectation of privacy in Mr. White's residence.[6] The Court thus holds that he has no standing to challenge its search or the validity of the warrant that supported it.

Because Mr. Hall has not identified any evidence collected as part of the strip search, the Court will not consider its legality.

Mr. Hall's Motion to Suppress is **GRANTED IN PART** as to the PCP and **DENIED IN PART** as to the strip search and as to the evidence obtained at Mr. White's residence pursuant the search warrant.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
xc:    Gregory R. Babowal, Esquire
       J'Aime L. Walker, Esquire

---

[6] *See, e.g., Nave v. State*, 623 A.2d 1142, 1993 WL 65099, at *1 (Del. Mar. 8, 1993). Although a defendant may have standing to challenge the search of an apartment where he is not a resident, there must be some sort of "expectation of privacy that society recognizes as reasonable," such as having a key and permission to stay overnight. *See id.* (quoting *Hanna v. State*, 591 A.2d 158, 163 (Del. 1991)).

4